# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Edgar Ortiz,

    Plaintiff

v.

Reliance Standard Life Insurance Company,

    Defendant

Case No.: 2:17-cv-00580-JAD-GWF

**Order Granting in Part Motion to Dismiss Under FRCP 12(b)(3)**

[ECF No. 9]

Edgar Ortiz sues Reliance Standard Life Insurance Company for wrongful denial of disability benefits and attorney's fees and costs under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461.[1] Reliance argues that venue in this district is improper and moves to dismiss Ortiz's claims or, alternatively, to transfer them to the U.S. District Court for the Eastern District of Pennsylvania.[2] I find that Ortiz has not met his burden to show that venue is proper in this district, and Reliance has not met its burden to show that this case might have been brought in the Eastern District of Pennsylvania. I therefore grant Reliance's motion in part and dismiss Ortiz's claims without prejudice to their refiling in a court of competent jurisdiction.

## Discussion

As the plaintiff, Ortiz bears the burden of showing that venue is properly laid in the District of Nevada.[3] ERISA's venue provision broadly allows civil-enforcement actions like this one to "be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found . . . ."[4] The parties argue about whether Reliance

---

[1] ECF No. 1.

[2] ECF No. 9.

[3] *Piedmont Label Co. v. Sun Garden Packaging Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

[4] 29 U.S.C. § 1132(e)(2).

1

may be found here. In the Ninth Circuit, a defendant is "found" in a district for ERISA-venue purposes if "personal jurisdiction is properly asserted over the" defendant there.[5] So, the defendant's contacts with the forum must be "sufficient to satisfy the 'minimum contacts' test for personal jurisdiction" as stated in *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).[6] So, to survive this dismissal motion, Ortiz must show that Reliance is subject to either general or specific jurisdiction in Nevada.[7]

Although not entirely clear, Ortiz appears to argue that general jurisdiction exists,[8] so he must show that Reliance's activities within Nevada are "substantial" or "continuous and systematic," such that "there is a sufficient relationship between [Reliance] and [Nevada] to support jurisdiction even if the cause of action is unrelated to [Reliance's] forum activities . . . ."[9] In deciding a motion to dismiss for improper venue, I need not accept the pleadings as true, and I "may consider facts outside of the pleadings."[10]

Ortiz provides little in the way of allegation or evidence to support his contention that venue properly lies in this district. The only facts that Ortiz alleges about venue are that Reliance issued the disability-benefits policy that he was insured under and that Reliance is "doing business in the District of Nevada."[11] Reliance does not deny that it sells insurance or that it does business in Nevada. Reliance's attorney admits that Reliance is "licensed to sell insurance here."[12] Oddly, Reliance's motion and the accompanying declaration of its trial attorney both discuss this activity as being a contact that Reliance has with "California," not

---

[5] *Varsic v. U.S. Dist. Ct. for Cen. Dist. of Cal.*, 607 F.2d 245, 248 (9th Cir. 1979).

[6] *Id.* at 248–49.

[7] *Id.* at 249.

[8] *See* ECF No. 11 at 2–4.

[9] *See Varsic*, 607 F.2d at 249 (internal quotation marks omitted) (quoting *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977)).

[10] *Murphy v. Schneider Nat. Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).

[11] ECF No. 1 at ¶¶ 3, 5, 7, 9.

[12] ECF No. 9 at 6.

Nevada.[13]  I assume these are typos because Reliance's contacts with California are not relevant, and Ortiz provided evidence that tends to show that Nevada's Commissioner of Insurance is Reliance's agent for service of process in this state.[14]  This would not be needed if Reliance were not, in fact, registered to sell insurance in Nevada.  The bare fact that Reliance sells insurance in Nevada is not sufficient, however, for me to determine that its contacts with this state are "substantial" or "continuous and systematic."  I therefore find that Ortiz has not met his burden to show that Nevada is the proper venue for his claims against Reliance.

Reliance moves in the alternative to transfer this case to the U.S. District Court for the Eastern District of Pennsylvania.  The party moving to transfer to another venue must demonstrate that the case could have been brought in the proposed transferee district.[15]  None of the facts necessary for me to determine if this case could have been brought in the Eastern District of Pennsylvania have been established by any factual allegation or competent evidence.[16]  I therefore find that Reliance has not met its burden to show that this case could have been brought in the Eastern District of Pennsylvania.

. . .

. . .

. . .

---

[13] *See* ECF Nos. 9 at 6; 9-3 at 3, ¶ 17.

[14] ECF No. 11 at 8–11.

[15] *See Commodity Futures Trading Comm. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *see also* 28 U.S.C. § 1404(a) (allowing for transfer for the convenience of the parties to any other district where the case "might have been brought"); 28 U.S.C. § 1406(a) (allowing for transfer from an improper venue to a district in which the case "could have been brought").

[16] Reliance offers the declaration of its trial attorney to establish many facts.  ECF No. 9-3.  I do not consider any part of this declaration because several of the statements are conclusory, the declarant does not state that the information offered is based on his personal knowledge, and no foundation has been laid for the authenticity of the documents that he attaches.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Reliance Standard Life Insurance Company's motion to dismiss or, alternatively, to transfer venue **[ECF No. 9] is GRANTED in part**: this case is **DISMISSED** without prejudice. The motion is **DENIED** in all other respects. The **Clerk of Court** is directed to **CLOSE THIS CASE**.

Dated: January 24, 2018

_____
U.S. District Judge Jennifer A. Dorsey